# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAIDERVANIO DA COSTA SABINO** | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-5971 |
| | : | |
| **HITACHI KOKI CO., LTD.,** *et al*. | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                    May 17, 2010

Plaintiff, a citizen of Brazil who resides in Philadelphia, filed a complaint in Pennsylvania state court against Hitachi Koki Co. ("Koki Japan"), a Japanese corporation, and its U.S. subsidiary, Hitachi Koki, U.S.A. ("Koki U.S.A."), a Georgia corporation, alleging injuries sustained while using a defective nail gun designed and manufactured by Koki Japan, and distributed by Koki U.S.A. Koki Japan removed the action to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Because this action has been brought by an alien against an alien and a United States citizen, there is no diversity jurisdiction cognizable under § 1332(a). Therefore, the case will be remanded.

## Discussion

A defendant may remove a civil action filed in state court if the federal district court has original jurisdiction to hear the matter. 28 U.S.C. § 1441(b); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The party asserting jurisdiction bears the burden of showing that the case is properly in federal court. *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In determining if removal was proper, the removal statute is strictly construed and all doubts are resolved in favor of remand. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). If there is no subject matter

jurisdiction, the federal court must remand it. 28 U.S.C. § 1447(c).

The removing defendant has invoked federal jurisdiction under the diversity statute, 28 U.S.C. § 1332(a). That provision bestows upon a district court original jurisdiction over civil actions involving sums greater than $75,000.00, where the action is between:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;
>
>   *   *   *
>
> For the purposes of this section, . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.[1]

28 U.S.C. § 1332(a).

Where a citizen or citizens of a foreign state are parties to an action, diversity can only be based on either § 1332(a)(2) or § 1332(a)(3). It cannot be founded on § 1332(a)(1) because that subsection applies where there are only citizens on both sides and no foreign parties.[2]

Section § 1332(a)(2) applies where the action is among a citizen or citizens of a state on one side and citizens or subjects of a foreign state on the other side. In other words, it only grants jurisdiction in cases between aliens on one side of the controversy and citizens on the other. *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d

---

[1] This last paragraph was added to § 1332(a) in 1988 to expand the definition of "citizen" for purposes of diversity. *Singh v. Daimler-Benz AG*, 9 F.3d 303, 305 (3d Cir. 1993). Courts across the country have consistently held that "an alien admitted for permanent residence" refers to an alien who has been formally granted permanent residence in the United States, *i.e.,* obtained a "green card." *See, e.g., Foy v. Schantz, Schatzman & Aronson, P.A.*, 108 F.3d 1347, 1348-49 (11th Cir. 1997); *Mejia v. Barile*, 485 F. Supp. 2d 364, 367(S.D.N.Y. 2007); *Miller v. Thermarite Pty. Ltd.*, 793 F. Supp. 306, 307 (S.D. Ala. 1992).

[2] Koki Japan has not specified under which subsection of § 1332(a) it is asserting jurisdiction. Hence, we examine both.

494, 498-99 (3d Cir. 1997). Like subsection (a)(1), subsection (a)(2) requires complete diversity. *Id.*; *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir. 1980) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 435 (1806)). Thus, where aliens are on both sides, this section does not apply. *Id.*

Section 1332(a)(3) grants federal jurisdiction where the controversy is between diverse United States citizens and aliens are additional parties. *Dresser*, 106 F.3d at 497-98. Under this provision, when citizens of different states are on both sides of the litigation and are completely diverse, as in a § 1332(a)(1) situation, the presence of aliens on one or both sides of the controversy does not destroy jurisdiction. *Id.* (citing *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993)). The presence of citizens of different states on both sides is a prerequisite to the application of this provision. Consequently, cases between aliens on one side and aliens and citizens on the other "do not fit the jurisdictional pigeonhole" created by § 1332(a)(3). *Dresser*, 106 F.3d at 499, n.2. *See also* 15 James Wm. Moore, et al., *Moore's Federal Practice*, § 102.77 (3d ed. 2009) (noting that "[c]ases in which only foreign parties are on one side and a mixture of foreign and domestic parties are on the other do not fit within Section 1332(a)(2) or (a)(3). . . . [T]he jurisdictional problem when there is a foreigner on one side and both a domestic and a foreign party on the other is not that there are foreigners on both sides, but that there are not citizens on both sides.").

Here, jurisdiction cannot be grounded on either § 1332(a)(2) or (a)(3) because the plaintiff is an alien, and the defendants are an alien and a citizen of a state. Subsection (a)(2) does not confer jurisdiction because it only contemplates an action between aliens on one side of the controversy and citizens on the other, not a combination of aliens and

citizens on one or both sides of the action. *See Dresser*, 106 F.3d at 499. In this case, there are aliens on both sides of the controversy and a citizen of a state on one side. Similarly, jurisdiction cannot be based on § 1332(a)(3) because there are not citizens of different states on both sides. Therefore, neither subsection (a)(2) nor (a)(3) confers jurisdiction.

In its notice of removal, Koki Japan asserts, by implication, that the plaintiff is a permanent resident domiciled in Pennsylvania, who is deemed to be a citizen of Pennsylvania for § 1332(a) diversity purposes. *See* Notice of Removal, ¶ 7 (stating that "[a]lthough Plaintiff claims to be a citizen of Brazil, pursuant to the deeming language of § 1332(a), 'for the purposes of this Section, . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.' 28 U.S.C. § 1332(a). Therefore, for the purposes of removal, Plaintiff is deemed to be a resident of Pennsylvania."). However, it is careful not to allege that the plaintiff is a permanent resident. We agree that if the plaintiff is a permanent resident, there would be jurisdiction under § 1332(a)(3). *See Singh v. Daimler-Benz AG*, 9 F.3d 303, 310 (3d Cir. 1993) (where it was undisputed that the plaintiff was a permanent resident alien domiciled in Virginia, one defendant was a citizen of Delaware and New Jersey, and another defendant was an alien (citizen of Germany), the court held that there was subject matter jurisdiction under § 1332(a)(3) because the plaintiff was deemed a citizen of Virginia, and the German defendant was an "additional party"). But, he is not.

As the party asserting jurisdiction, Koki Japan bears the burden of showing that the case is properly in federal court. *Samuel-Bassett*, 357 F.3d at 396. It has not met its burden. The plaintiff has alleged that he is a citizen of Brazil and is not a permanent

resident of the United States. Koki Japan, on the other hand, has not alleged any facts contradicting the plaintiff's allegation regarding his alien status.

Because this case is between an alien on one side of the controversy and an alien and citizen on the other, it does not fall within § 1332(a). *See Dresser*, 106 F.3d at 499 and n. 2. Therefore, the removing defendant having failed to establish a ground for the exercise of subject matter jurisdiction, we shall grant the plaintiff's motion and remand this action to the Philadelphia Court of Common Pleas for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).